KAWASHIMA LAW GROUP LLLC

JARED N. KAWASHIMA        6289
CHRISTIN D. WEHRSIG       10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-0030
Facsimile:  (808) 369-8396
E-mail: jared@klghawaii.com

Attorneys for Plaintiffs
HAWAII ELECTRICIANS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu; HAWAII ELECTRICIANS HEALTH AND WELFARE FUND, by its Trustees, Ronald Yee, Jody Hanamoto, Rodney Chun, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS PENSION FUND, by its Trustees, Ronald Yee, James Yamada, Jr., Jody Hanamoto, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS TRAINING FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Phillip Lucero, Peter Akamu, Damien T. K. Kim, Tracy Hayashi; HAWAII ELECTRICIANS SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND, by its Trustees, Robert | CIVIL NO. 14-00380 JMS-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FORCE ELECTRIC, INC. AND GLENN Y. GUSHI<br><br><br><br><br><br><br><br><br><br><br>(Caption continued on next page) |

| | |
|---|---|
| Hanamoto, Jody Hanamoto, Steve Watanabe, Peter Akamu, Damien T. K. Kim, Dennis Kaloi; HAWAII ELECTRICIANS VACATION AND HOLIDAY FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steve Watanabe, Damien T. K. Kim, Peter Akamu, Tracy Hayashi; HAWAII ELECTRICIANS PREPAID LEGAL FUND, by its Trustees, Jody Hanamoto, Steven Tanaka, Rodney Chun, Tracy Hayashi, Dennis Kaloi, Damien T. K. Kim; HAWAII ELECTRICIANS MARKET ENHANCEMENT PROGRAM FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Robert Hanamoto, Damien T. K. Kim, Robert Aquino, Brian Lee, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| FORCE ELECTRIC INC., a Hawaii corporation; GLENN Y. GUSHI, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FORCE ELECTRIC, INC. AND GLENN Y. GUSHI**

2

Before the Court is Plaintiffs TRUSTEES of the HAWAII ELECTRICIANS ANNUITY FUND; HEALTH AND WELFARE FUND; PENSION FUND; TRAINING FUND; SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND; VACATION AND HOLIDAY FUND; PREPAID LEGAL FUND; MARKET ENHANCEMENT PROGRAM FUND's (hereinafter collectively referred to as "Plaintiffs") Motion for Default Judgment as to Force Electric, Inc., and Glenn Y. Gushi. (Doc. 12.) Plaintiffs request that default judgment be entered pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure in the amount of $228,831.90, for contributions to Trust Funds, Liquidated Damages, and attorneys' fees and costs. (Doc. 12 at 9-10.)

This matter came on for hearing on January 12, 2015. (Doc. 15.) Appearing on behalf of Plaintiffs was Christin D. Wehrsig. Defendants Force Electric, Inc., and Glenn Y. Gushi did not make an appearance or otherwise defend against Plaintiff's Motion. (See id.) After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court finds and recommends that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART. As discussed more thoroughly below, this Court recommends that judgment be entered in favor of Plaintiffs in the amount of $207,091.07.

## BACKGROUND

On August 26, 2014, Plaintiffs filed a Complaint seeking judgment for

3

outstanding trust fund contributions and damages against Defendants FORCE ELECTRIC, INC., AND GLENN Y. GUSHI (collectively referred to as "Defendants"), alleging that Defendant Force Electric, Inc. ("Defendant Force Electric") materially breached the collective bargaining agreements referred to as the Inside Agreement and Outside Agreement dated February 16, 2012 (collectively, the "Bargaining Agreements"). Plaintiffs claimed that Defendant Force Electric failed to submit monthly contribution reports and full payments due on said report pursuant to the terms of the Agreements, all notwithstanding demand by Plaintiffs.

Plaintiffs allege Defendant Glenn Y. Gushi ("Defendant Gushi") should be held liable for all judgments entered against Defendant Force Electric because he was a member or officer of Defendant Force Electric and the alter ego and/or mere instrumentality of Defendant Force Electric. Additionally, Plaintiffs assert a claim for breach of fiduciary duty against Defendant Gushi, alleging that he is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets. Plaintiffs allege that Defendant Gushi breached his fiduciary duties by intentionally failing to report and/or pay the required contributions. Plaintiffs ask for a monetary award against Defendants and the imposition of a constructive trust on the assets of Defendants.

The action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

Service of process of the Complaint was made on Defendant Force Electric on September 8, 2014, as evidenced by the Proof of Service filed herein on September 10, 2014.

Service of process of the Complaint was made on Defendant Gushi on September 8, 2014, as evidenced by the Proof of Service filed herein on September 10, 2014.

On October 24, 2014, default was entered against Defendants due to said Defendants' failure to answer or otherwise defend on the Complaint.

On November 26, 2014, Plaintiffs filed a Motion for Entry of Default Judgment ("Motion") seeking an award of the sum of $228,831.90, which includes contribution amounts of $204,924.41, liquidated damages of $21,740.83, legal fees of $1,488.50, costs of $605.97, and general excise tax of $72.19.

Plaintiffs' Motion for Entry of Default Judgment was accompanied by the Declaration of Travis Umemoto in support of the damages sought by Plaintiffs.

The Declaration of Jared N. Kawashima also accompanied the Motion for Entry of Default Judgment in support of the attorneys' fees and costs requested.

Defendant Force Electric was served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion. Defendant Gushi was also served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion. The Motion was heard on January 12, 2015 with appearances by Christin D. Wehrsig on behalf of Plaintiffs, and no other party making an appearance.

## **DISCUSSION**

Having reviewed the Motion, the declarations, exhibits, and the record established in this action, the Court finds and concludes as follows:

1. On February 16, 2012, Local Union No. 1186 of the International Brotherhood of Electrical Workers (IBEW), AFL-CIO ("Union") and the Electrical Contractors Association of Hawaii ("ECAH") executed two collective bargaining agreements referred to as the Inside Agreement and Outside Agreement (collectively, the "Bargaining Agreements").

2. On or about April 19, 2012, Defendant Force Electric agreed to abide by all terms and conditions of the Bargaining Agreements.

3. The Bargaining Agreements incorporated by reference trust agreements for Trust Funds.

4. The Trust Funds are third party beneficiaries of the Bargaining Agreements.

5. Each of the Plaintiffs was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. § 186 and a multiemployer plan within the meaning of 29 U.S.C. § 1002 and 1003.

6. Defendant Force Electric is a Hawaii corporation with its principal place of business in the State of Hawaii.

7. Defendant Gushi is a resident of the State of Hawaii and an officer of Defendant Force Electric.

8. Defendant Force Electric breached the Bargaining Agreement and is liable to the Plaintiffs by its continuous failure to perform the terms of the Agreements, including: 1) failure to pay the full amounts found by the Plaintiffs for the period of August 2011 through August 2014; and 2) failure to pay the Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing the terms of the Bargaining Agreements.

9. Defendant Gushi was the alter ego and/or mere instrumentality of Defendant Force Electric, and as such, Defendant Gushi is liable for all judgments entered into against Defendant Force Electric.

10. Defendant Gushi is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

11. Defendant Gushi breached his fiduciary duty by intentionally failing to report and/or pay the required contributions, and as such, Defendant Gushi is liable for all judgments entered into against Defendant Force Electric.

12. Defendants have not sought to set aside the default in this action.

13. The billing rates for attorneys are 1) $250.00 for partner Jared N. Kawashima, and 2) $185.00 for associate Christin D. Wehrsig. The billing rate for paralegals is $95.00.

14. The Court finds that the attorneys' fees and costs sought by the Plaintiffs of $2,166.66 (fees in the amount of $1,488.50, costs in the amount of $605.97, and general excise tax in the amount of $72.19) and the rates, as previously described, for Plaintiffs' legal fees performing work on this matter are reasonable.

15. The Court finds that the liquidated damages sought by the Plaintiffs of $21,740.83 is unreasonable and denies Plaintiffs' request for liquidated damages.

16. Thus, there is known to be due, owing and unpaid to the Plaintiffs from Defendants:

| | |
|---|---|
| 1. Contributions (August 2011 through August 2014)………….. | $204,924.41 |
| 2. Legal Fees…………………………………… | $   1,488.50 |
| 3. Costs……………………………………………. | $      605.97 |
| 4. G.E.T. ……………………………………… | $        72.19 |
| **TOTAL …………..** | **$207,091.07** |

## **CONCLUSION**

The Court hereby RECOMMENDS that Default Judgment be granted in favor of Plaintiffs TRUSTEES of the HAWAII ELECTRICIANS ANNUITY FUND; HEALTH AND WELFARE FUND; PENSION FUND; TRAINING FUND; SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND; VACATION AND HOLIDAY FUND; PREPAID LEGAL FUND; MARKET ENHANCEMENT PROGRAM FUND for a money judgment including contribution amounts, attorneys' fees, costs, and general excise tax against Defendants Force Electric, Inc. and Glenn Y. Gushi in the amount of $207,091.07.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 27, 2015.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Hawaii Electricians Trust Funds v. Force Electric, Inc., a Hawaii Corporation, et al., CIV. NO. 14-00380 JMS-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FORCE ELECTRIC, INC. AND GLENN Y. GUSHI.